UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| COREY WATKINS,<br><br>      Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, et al.,<br><br>      Defendants. | Case No.: 3:23-cv-12-CDL |

**O R D E R**

Presently pending before the Court are Plaintiff's motions for default judgment against Midland Funding, LLC and Experian Information Solutions, Inc. The motions (ECF Nos. 10 and 14) are granted to the extent set forth below.

Plaintiff filed this action on January 30, 2023. He submitted a proof of service for Experian on February 7, 2023 (ECF No. 4) and a proof of service for Midland on February 10, 2023 (ECF No. 5). Neither Experian nor Midland answered or otherwise responded to the Complaint. The Clerk granted a Clerk's entry of default as to Midland on March 15, 2023 and as to Experian on April 6, 2023. Plaintiff's motions for default judgment followed.

"A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]'" *Eagle H4osp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975)). By their defaults, Midland and Experian admitted the following facts:

(1) Midland Funding is a debt collector that is reporting a past due amount of $705 on Plaintiff's Experian credit report.

(2) Plaintiff paid the Midland tradeline in full, and it should be reported as paid. Midland knows that it is reporting false credit information to credit reporting agencies, including Experian.

(3) Plaintiff disputed the tradeline and asked Midland and Experian to correct the inaccurate reporting.

(4) Neither Midland nor Experian corrected the inaccurate reporting. Experian failed to follow reasonable procedures to assure maximum possible accuracy.

These facts establish that:

(1) Midland, a credit information furnisher, willfully violated the Fair Credit Reporting Act by reporting inaccurate credit information about Plaintiff to a consumer reporting agency and by failing to investigate and modify the information after Plaintiff's dispute. *See* 15 U.S.C. § 1681s-2(b).

(2) Midland, a debt collector, violated the Fair Debt Collection Practices Act by knowingly reporting false information about the character and legal status of Plaintiff's debt. *See* 15 U.S.C. § 1692e(a).

(3) Experian, a consumer reporting agency, violated the Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.  *See* 15 U.S.C. § 1681e(b).  Experian also willfully violated the Fair Credit Reporting Act by failing to investigate after Plaintiff's dispute and by continuing to report inaccurate information on Plaintiff's credit report even though a reasonable investigation would have revealed that the disputed information was inaccurate and should not have been reported.  *See* 15 U.S.C. § 1681i.

If a furnisher of credit information or a consumer reporting agency willfully fails to comply with the requirements of the Fair Credit Reporting Act, then the entity is liable to the consumer "in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," plus "reasonable attorney's fees as determined by the Court."  15 U.S.C. § 1681n(a).  And if a debt collector fails to comply with the Fair Debt Collection Practices Act "with respect to any person," then the debt collector is liable to that person for "any actual damage sustained by [the individual] as a result of such failure," "such additional damages as the court may allow, but not exceeding $1,000," and costs and attorney's fees.  15 U.S.C. § 1692k(a).

Here, Plaintiff claims that he suffered $5,000 in actual damages caused by Midland and $5,000 in actual damages caused by Experian. Although Plaintiff submitted an affidavit summarily stating that he suffered from stress and credit issues due to Defendants' conduct, his affidavit does not contain any details on the extent of Plaintiff's emotional distress or set forth any facts about credit issues, job issues, or other damages he suffered because of Defendants' conduct. Thus, the affidavit does not support the requested actual damages. The Court therefore awards Plaintiff $1,000.00 in statutory damages against Midland and $1,000.00 in statutory damages against Experian. If Plaintiff contends that the Court should award actual damages, Plaintiff may file a motion for reconsideration and request an evidentiary hearing on the amount of actual damages.

Plaintiff also seeks costs and reasonable attorney's fees, but Plaintiff did not submit any evidence to support an award of fees and costs. If Plaintiff is still seeking fees and costs, Plaintiff shall file a motion for fees and costs, accompanied by evidence that supports such fees and costs. Plaintiff's motion for fees and costs is due by August 28, 2023.

IT IS SO ORDERED, this 7th day of August, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA